**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-1547**

_____

KADER CHIKHOUNE; NABYLA LOUHAB CHIKHOUNE,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.  (A96-083-346; A96-083-357)

_____

Submitted:  January 9, 2006          Decided:  February 3, 2006

_____

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

James A. Roberts, LAW OFFICE OF JAMES A. ROBERTS, Falls Church, Virginia, for Petitioners.  Paul J. McNulty, United States Attorney, Gerard J. Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kader Abdelrehmane Chikhoune and Nabyla Louhab Chikhoune, natives and citizens of Algeria, petition for review of the Board of Immigration Appeals' ("Board") order affirming the immigration judge's decision to deny their applications for asylum, withholding from removal and protection under the Convention Against Torture.[*] We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings, relevant to the subjective component, are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We accord broad, though not unlimited, deference to credibility findings

_____

[*]The Chikhounes do not challenge the denial of relief under the Convention Against Torture.

- 2 -

supported by substantial evidence.  <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004).

A determination regarding eligibility for asylum is conclusive if supported by substantial evidence on the record considered as a whole.  <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2000).  We will reverse the Board "only if 'the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'"  <u>Rusu v. INS</u>, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting <u>Huaman-Cornelio</u>, 979 F.2d at 999 (internal quotation marks omitted)).  We find the immigration judge's negative credibility finding was supported by substantial evidence.  We further find the evidence was not so compelling as to warrant reversal.

With respect to the Chikhounes' due process challenge, we find they were provided all the process they were due.  <u>See</u> <u>Blanco de Belbruno v. Ashcroft</u>, 362 F.3d 272, 281 (4th Cir. 2004).  The Chikhounes were able to address the charges against them, present evidence on their behalf and have the evidence reviewed and a determination made by an unbiased factfinder.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>